**In re McCOM COMMUNICATIONS, INC., Debtor.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**McCOM COMMUNICATIONS, INC., Defendant-Appellant.**

Bankruptcy No. 83–1042.

Civ. A. No. 86–A–2374–S.

United States District Court, N.D. Alabama, S.D.

April 14, 1987.

John P. Whittington, Jack Rivers, U.S. Trustee, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Richard O'Neal, Asst. U.S. Atty., Birmingham, Ala., Lance J. Wolf, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

This case is before the court on appeal from the United States Bankruptcy Court, Northern District of Alabama, Southern Division.

In an order dated November 24, 1986, the Bankruptcy Court denied the debtor's Application to Compel Allocation of Tax Payments. The reasoning of the court is that the payment at issue was made by the

Trustee from the proceeds of a court ordered sale in bankruptcy, and was therefore an "involuntary payment."

The debtor filed a voluntary petition under the provisions of Chapter 11, Title 11, United States Code, on June 8, 1983 and functioned as a debtor-in-possession under 11 U.S.C. § 1107 until a trustee was appointed on December 9, 1983. During the Chapter 11 case, real estate was sold pursuant to a court order, the proceeds of which were distributed by the Trustee. By an Order of Distribution issued from the Bankruptcy Court on January 31, 1984, the Trustee was authorized to make a partial distribution of $44,000 to the Internal Revenue Service. Although the debtor requested that payments to the IRS be applied to the "trust fund" portion of taxes due, such funds were instead applied to the "non-trust fund" portion of taxes due from the debtor.

The issue to be determined is whether the debtor's payment to the IRS was voluntary or involuntary. When a taxpayer voluntarily makes payment to the IRS, he may designate the application of funds in whatever manner he chooses. *See: Muntwyler v. United States*, 703 F.2d 1030 (7th Cir. 1983); *Matter of Avildsen Tools and Machines, Inc.*, 40 B.R. 253 (N.D.Ill.1984); *In re A & B Heating & Air Conditioning*, 53 B.R. 54 (Bkrtcy.M.D.Fla.1985). However, if such payment is involuntarily, the IRS may allocate the payment as it sees fit. *See: In re A & B Heating and Air Conditioning, supra; Matter of Avildsen Tools and Machines, Inc., supra.*

■ In determining whether a payment made by the taxpayer is voluntary or involuntary, the Tax Court in *Amos v. Commissioner*, 47 T.C. 65 (1966), stated that "[a]n involuntary payment of federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor." *Id.* at 69. It is clear that the mere filing of claims for tax on wages paid does not render the resulting payment involuntary. See, *Muntwyler v. United States, supra.*

It is further clear that payments to the IRS pursuant to a confirmed Chapter 11 plan of reorganization are voluntary. See, *In re A & B Heating & Air Conditioning, supra.* The question in the current case is whether the approval by the Bankruptcy Court of the sale of the debtor-in-possession's property, and the Order of Distribution dated January 31, 1984 instructing the trustee to pay the IRS $44,000 render such payment involuntary. Clearly, it is "... the involvement of the court and not the type of bankruptcy which makes payments by a debtor involuntary." *In Re Frost*, 47 B.R. 961, at 964–65 (D.Kan.1985). In order to determine whether the payment is voluntary, the court should look to the particular facts of the case and the order which causes the payment to occur. *See, In re Hineline*, 57 B.R. 248 (Bkrtcy.N.D.Ohio 1986).

■ In the present case, as found by the Bankruptcy Court in its Order of November 24, 1986, the payment was made by the Trustee, rather than the debtor. The proceeds were from a court ordered sale in bankruptcy made to liquidate the assets of the debtor for distribution to creditors. It appears from the facts of this case that the payment was involuntary. Therefore, the debtor did not have the power to designate the application of the funds. Instead, the IRS had the right to allocate the funds in whatever manner it chose.

The decision of the Bankruptcy Court denying the debtor's Application to Compel Allocation of Tax Payments is therefore affirmed.

An appropriate order in conformity with this opinion will be entered.